United States District Court
for the
Eastern District of New York

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT<br><br>       Plaintiff<br>    v.<br><br><br>ALLEN T. SWEZEY, ELIZABETH SWEZEY<br><br>       Defendant(s) | Civil Action No. 20-cv-91<br><br>**PLAINTIFF'S DECLARATION IN SUPPORT OF MOTION** |

Stephen J. Vargas, Esq., pursuant to Fed. R. Civ. P. §11 and under penalties of perjury declares as follows:

1. I am an attorney at law and an associate of Gross Polowy, LLC the attorneys of record for the Plaintiff, U.S. Bank National Association, Not In Its Individual Capacity But Solely As Trustee For The RMAC Trust, Series 2016-CTT ("Plaintiff"). I am fully familiar with the facts, court papers, and proceedings of this action. I submit this Declaration in support of the Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. §55, a judgment of foreclosure and sale pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Article 13, and related relief. A Memorandum of Law is submitted contemporaneously herewith, under a separate cover.

2. The Court's attention is called to the following documents, attached hereto:

| Document | Tab |
|---|---|
| Summons and Complaint | Exhibit A |
| CPLR §3012-b Certificate of Merit | Exhibit B |
| Notice of Pendency of Action | Exhibit C |
| Affidavits of Service | Exhibit D |
| Request for Certificate of Default & Clerk's Entry of Default | Exhibit E |

1

| | |
|---|---|
| Affidavit of Plaintiff with supporting documents | Exhibit F |
| Statement of Damages | Exhibit G |
| Proposed Default Judgment of Foreclosure and Sale | Exhibit H |

**BACKGROUND FACTS AND PROCEDURAL HISTORY**

3. On June 16, 2009, the Defendant, Allen T. Swezey ("Defendant") executed and delivered to Bank of America N.A. a Promissory Note ("Note") in the principal sum of $35,000.00, with interest charged on the unpaid principal until the entire amount of principal and interest is paid. On the same date, the Defendants, Allen T. Swezey and Elizabeth Swezey, executed and delivered a Mortgage, which secured the real property commonly known as 64 Highland Avenue, Patchogue, New York 11772 as collateral security for the repayment of the Note. The Mortgage was recorded in the Suffolk County Clerk's Office on November 9, 2005 under Liber 21167 at page 670, and the recording tax was paid. On June 16, 2009, the Defendants executed and delivered to Bank of America, N.A. a Modification Agreement, which modified the Note and Mortgage to create a single lien of $183,820.00. The Modification Agreement was recorded in the Suffolk County Clerk's Office on October 27, 2009 under Liber 21876 at Page 151, and the recording tax was paid. Thereafter, the Note, Mortgage, and modification Agreement were physically delivered by Bank of America, N.A. to the Plaintiff and a written assignment of the mortgage was recorded in the Suffolk County Clerk's Office on May 10, 2019 under Liber 23026 at Page 898.

4. The Defendants defaulted on the Note, Mortgage, and Modification Agreement because the October 25, 2018 unpaid installment and subsequent installments were not paid. On January 6, 2020, the Plaintiff commenced this action by filing the Summons and Complaint, copies of which are attached hereto as **Exhibit A.** The Plaintiff filed the New York Civil Practice Law and Rules ("CPLR") §3012-b Certificate of Merit on the same date, a copy of which is

2

attached hereto as **Exhibit B**. On January 14, 2020, the Plaintiff filed the Notice of Pendency of Action in the Suffolk County Clerk's Office, in accordance with RPAPL § 1331 and CPLR Article 65. A copy of which is attached hereto as **Exhibit C**.

5. The Defendants were served pursuant to Fed. R. Civ. P. §§4 and 5 and an additional copy of the Summons was mailed to the Defendants in compliance with CPLR §3215(g)(3)(iii). Copies of the Affidavits of Service are attached hereto as **Exhibit D**.

6. The Defendants did not answer, appear, or move with respect to the Complaint and are in default. On March 3, 2020, the Plaintiff applied for a Clerk's Entry of Default, which was entered by the Clerk on March 9, 2020. Copies of these documents are attached hereto as **Exhibit E**.

7. No prior application for a Default Judgment of Foreclosure and Sale was made.

## **PLAINTIFF IS ENTITLED TO A JUDGMENT OF FORECLOSURE AND SALE**

8. The Plaintiff established the required elements for a New York residential foreclosure and requests that 64 Highland Avenue, Patchogue, NY 11772 ("Property") be sold pursuant to RPAPL §1351 and that the sale proceeds be distributed in accordance with RPAPL §1354. RPAPL §1354(2) requires the referee conducting the sale to pay out of proceeds all taxes, assessments and water rates that are liens upon the Property and to redeem the Property from any sales for unpaid taxes, assessments, or water rates that have not apparently become absolute. At the time of sale, a transfer tax is not a lien upon the Property nor is it an expense of sale, as that term is used in RPAPL §1351(1). Rather, transfer tax is an expense of recording the deed. All expenses of recording the Referee's Deed, including real property transfer tax, are to be paid by the purchaser at the closing and not by the Referee from sale proceeds.

9. The Plaintiff is also entitled to have the judgment include reimbursement for its costs, allowances, and disbursements made in this matter in accordance with the terms of the Note and Mortgage and CPLR Article 83. A detailed statement of Plaintiff's damages is attached hereto as **Exhibit G**.

10. A proposed Default Judgment of Foreclosure and Sale is attached hereto as **Exhibit H.**

**WHEREFORE**, the Plaintiff requests an Order of this Court:

A) Granting default judgment pursuant to Fed. R. Civ. P. §55(b)(2);

B) Granting judgment of foreclosure and sale pursuant to RPAPL §1351;

C) Appointing a referee to effectuate a sale on the mortgage property and disburse the funds from such sale in accordance with RPAPL §1354;

D) Awarding such additional relief as law and equity allow.

Dated: April 6, 2021
       Westbury, New York

/SJV/
Stephen J. Vargas, Esq.
Gross Polowy, LLC
*Attorneys for Plaintiff*