UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
U.S. BANK, NATIONAL
ASSOCIATION, as trustee for the
RMAC Trust, Series 2016-CTT,

               **MEMORANDUM AND ORDER**

       Plaintiff,              Case No. 20-cv-00091

   -against-

ALLEN T. SWEZEY and ELIZABETH
SWEZEY,

       Defendants.
------------------------------------------------x

**BLOCK, Senior District Judge:**

      Plaintiff U.S. Bank, National Association ("US Bank"), moves for default judgment in this mortgage foreclosure case. Defendants Allen T. Swezey and Elizabeth Swezey have failed to respond. Magistrate Judge Mann issued a Report and Recommendation ("R&R") recommending that a default judgment be entered against the defendant in the amount of $146,232.59 in unpaid principal, $1,164.38 in filing-related fees, $28,595.29 in costs and disbursements, and interest at the statutory rate following the entry of judgment. The R&R also recommended that this Court order the foreclosure and sale of the property located at 64 Highland Avenue, Patchogue, New York 11772. US Bank did not object to these aspects of the R&R.

      However, the R&R also recommended that US Bank's "request for

contractual interest on the principal balance be denied." R&R at 27. US Bank objects to this aspect of the R&R, and requests that this Court grant its motion in its entirety, including contractual interest. Reviewing the matter *de novo*, this Court denies the objection.

Magistrate Judge Mann's R&R excised US Bank's contractual interest for good reason: Namely, ongoing deficiencies in the accounting US Bank submitted to the Court. US Bank's initial motion for default judgment was so flawed that Judge Mann directed it to "cure a laundry list of errors and deficiencies with respect to is request for contractual interest on the principal balance, namely, to explain how it had calculated said balance." R&R at 19. Nonetheless, given a second chance to correct its "grossly inadequate submissions, [US Bank] largely ignored the Court's explicit detail directive regarding [its] defective demand for prejudgment interest." R&R at 20.

The contractual interest US Bank requests is based on a clause of the modified note governing the mortgage. That note provides that the "annual interest rate" is based upon the margin and the "index rate," a variable percentage rate published daily in the Wall Street Journal. US Bank requests a 6.740 percent static interest rate—at odds with the index rate, which changes from time to time. But US Bank never adequately explained how it calculated that rate. Not in its initial filing. And

not after being directed to address this deficiency on its second try: "[US Bank] has failed to provide any explanation whatsoever of how the requested interest rate was determined except for a single conclusory statement in the Selva Affidavit, which asserts that the 6.740 percent rate is set forth in paragraph 7B of the [modified note]," which simply ignores the method of calculating the rate. R&R at 35. On this, its third attempt, US Bank has *still* failed to provide an adequate explanation of its calculation of the contractual interest rate. Indeed, its objection to the R&R argues only that the "loan documents clearly and unequivocally provide for an interest award in the event of a loan default," and makes no attempt to justify the 6.740% rate it requested before the magistrate judge.

US Bank requests a fourth try in its objection to the R&R. Three strikes are enough. Judge Mann committed no error, and this Court agrees with her well-reasoned R&R. US Bank's objection is denied, and the Court adopts the R&R in its entirety.

**SO ORDERED**.

　/S/ Frederic Block　　　　　
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 1, 2022